Walker v. Jenney.

## APPEAL—ERROR.

[Hamilton (1st) Circuit Court, February 15, 1908.]

Swing, Giffen and Smith, JJ.

WALKER ET AL. V. JENNEY, ADMR. ET AL.

1. ORDER DISMISSING APPEAL STANDS AS JUDGMENT IN ABSENCE OF ERROR PROCEEDINGS THERETO.

While an appellant has no authority to dismiss an appeal which has been properly perfected in an appealable case, yet a dismissal of an appeal to which no error is prosecuted will stand, and will be construed as the judgment of the court.

2. DISMISSAL OF ERROR PROCEEDINGS AFTER DISMISSAL OF APPEAL IMPROPER.

While error may be prosecuted before the determination of an appeal, the proceeding will avail nothing in the event the appeal is sustained; but where the appeal is dismissed and the appellant has an error proceeding pending, it is his right to have a hearing therein, and to dismiss such a proceeding is error.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**J. M. Dawson,** for plaintiff in error.

**W. H. Mackoy,** for defendants in error.

SWING, J.

Upon the filing of certain accounts in the probate court certain exceptions were filed by the plaintiff in error, which exceptions were upon hearing overruled by said court. Thereupon plaintiff took an appeal from the judgment of the probate court to the court of common pleas. This appeal was perfected September 26, 1905. Subsequently said plaintiff in error also had a bill of exceptions perfected and filed in said court of common pleas a petition in error. On May 29, 1906, the following entry was made in the appeal case: "Now come the appellants in the above cause and dismiss this said appeal at their costs." Afterwards, to wit, on May 31, 1906, the defendants filed a motion to dismiss the error proceedings in said court, for the reason that an appeal had been taken from said probate court to said court of common pleas prior to the filing of said petition in error, and that therefore there was no judgment in said probate court to which error could be prosecuted. Afterwards, to wit, on February 7, 1907, the court of common pleas found said motion well taken and dismissed said petition in error for the reasons set out in said motion.

Hamilton County.

This action in this court is to reverse the judgment of the court of common pleas dismissing the petition in error. No proceeding was prosecuted to the judgment dismissing the appeal.

It is urged that the principle announced in the first proposition of the syllabus in *Bassett* v. *Daniels,* 10 Ohio St. 617, "An appeal perfected, suspends all proceedings upon the judgment appealed from," which proposition seems to be the settled law of this state, is decisive of the question here.

The record shows that in this case the appeal was perfected from the decision of the probate court to the court of common pleas prior to the filing of the petition in error, and for this reason the petition in error was dismissed.

In *Hull* v. *Bell Bros.* 54 Ohio St. 228 [43 N. E. Rep. 584], the fourth proposition of the syllabus is as follows:

"While an appellant may prosecute error to the judgment appealed from, before the determination of his appeal, the proceeding will avail nothing if the appeal be sustained, for then the cause stands for a new trial of the issues of fact, the judgment superseded by that of the appellate court, and the errors occurring in the court below, if any were committed, become immaterial; nor can the affirmance of the judgment before the trial of the appeal give it any additional or different effect."

In the opinion of the court, at page 241, it is said:

"We are not aware of any statutory provision, or rule of law which prevents a party who has taken an appeal from a judgment, from also prosecuting error to obtain its reversal. When doubtful of his appeal, that may be a prudent and commendable practice; otherwise, if his right of appeal should not be determined until after the expiration of the time allowed for prosecuting error, and then be determined adversely to him, thus leaving the judgment in force, his remedy on error would be lost. But if the appeal be sustained, the proceeding in error avails nothing, for the cause then stands for a retrial of the issues in the appellate court."

It seems clear from this decision that a party may prosecute error from a judgment after he has perfected an appeal, but it avails nothing if the appeal be sustained.

Was the appeal sustained in this case? The case seems to have been an appealable one, and an appeal was perfected, but it certainly was not sustained, and no trial was had on the issues joined in the appellate court. On the contrary the appeal was dismissed in the appellate court. The entry dismissing the appeal recites: "Now come

Walker v. Jenney.

the appellants in the above cause and dismiss their said appeal at their costs.''

We know of no provision of our statute which authorizes an appellant to dismiss an appeal when perfected and we think there is no such power. Such power rests solely in the court and, in order to give this dismissal any effect, it must be construed as the judgment of the court, and the court had no right to dismiss the appeal unless the appeal was not properly taken, or the case was not one from which an appeal could be taken. 'No error was prosecuted to the judgment dismissing the appeal, and it therefore stands, although the court may have committed an error in dismissing the appeal. It seems to us that when the appeal was dismissed the party had the right to have the judgment reviewed on error, and that the court erred in dismissing the petition in error.

**Smith, J.,** concurs.

**Giffen, J.,** dissents.